UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY

**ED BURKE**                                          )
                                                     )
    **PLAINTIFF,**                                )
                                                     )
vs.                                                  )    **CASE NO.** 3:15-cv-861-GNS
                                                     )
**LAWRENCE & LAWRENCE, PLLC,**                        )
                                                     )
    **DEFENDANT**                                 )
                                                     )
Serve at:                                            )
                                                     )
    Lawrence & Lawrence, PLLC c/o                 )
    Michael Freeman Lawrence                      )
    440 S. 7th Street, Suite 200                  )
    Louisville, KY 40203                          )

## INITIAL COMPLAINT TO RECOVER FOR VIOLATIONS OF THE FDCPA <u>AND DEMAND FOR JURY</u>

Comes Now **Plaintiff Edward Burke,** by and through counsel, Gannott Law Group, PLLC, and for his Complaint against the **Defendant Lawrence & Lawrence, PLLC** respectfully alleges, upon information and belief, based, *inter alia,* on the investigations made by Plaintiff's counsel, except as to those allegations that pertain to the named Plaintiff, which are based upon personal knowledge, as follows:

### <u>INTRODUCTION</u>

1.    This is an action for statutory damages brought by an individual consumer for violations of the Fair Debt Collections Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

2.    On **March 26, 2015**, the Court in <u>The First Capital Bank of Kentucky v. Primera, LLC, Jeff Hardin and Paul Parker (Defendants/Third-Party Plaintiffs) vs. Edward Burke (Third-Party Defendant),</u> filed in Jefferson County, Kentucky, Case No. 11-CI-401831 (hereinafter

"Case"), entered Judgment against Edward Burke ("**Burke**" or "**Plaintiff**") and in favor of Primera, LLC ("Primera"), Jeff Hardin ("Hardin"), and Paul Parker ("Parker") for **$307,696.50** ("Judgment"), although a judgment could have been for no more than **$80,011.64** based on Kentucky law and pleadings filed in the Case. [Judgment, 3/26/15, incorporated herein as "**Exhibit 1**"]

3.      The Judgment was entered based on the Amended Third-Party Complaint ("Third-Party Complaint") filed by the **Defendant Lawrence & Lawrence, PLLC** ("**Defendant**"), which prayed for **$364,450.00** for breach of Contract for Deed, which sum should have been reduced by **$284,438.36** (the real property sale proceeds), leaving a balance of **$80,011.64**. [Amended Third-Party Complaint, 9/6/11, with Contract for Deed attached thereto, incorporated herein as "**Exhibit 2**"]

4.      Burke paid Primera **$63,143.55** in monthly payments required by the Contract for Deed, which sum should be used to decrease the **$80,011.64** balance remaining after applying the foreclosure sale proceeds to **$20,173.31**.

5.      The Judgment was entered in the Case based on a Second Amended Motion for Summary Judgment ("Motion for Summary Judgment") which:

   a.   Motion was filed without proper notice to Burke in violation of the Civil Rules;

   b.   Motion misrepresented Burke owed **$151,488.50** to Primera, Hardin and Parker as a deficiency balance they owed their lender, The First Capital Bank of Kentucky, although such a claim is not authorized by the Contract for Deed or Kentucky law, and it was never pled;

   c.   Motion misrepresented Burke owed **$156,208.00** to Primera, Hardin and Parker as lost profits and other consequential damages, although that claim is not authorized by the Contract for Deed or Kentucky law, and it was never pled;

   d.   Motion misrepresented Burke owed Hardin and Parker, although that claim is not authorized by the Contract for Deed or Kentucky law, and it was never pled;

e. Motion misrepresented Burke owed prejudgment interest on unliquidated damages, although that claim is not authorized by the Contract for Deed or Kentucky law, and it was never pled; and

f. Motion sought attorneys' fees, which were not provided in the Contract for Deed.

6. The Motion for Summary Judgment failed to provide any credit for the $284,438.36 paid to First Capital Bank on behalf of Primera, Hardin, and Parker. [Order Confirming Sale and Paying Money into Court, 8/16/12, incorporated herein as "**Exhibit 3**"]

7. On **September 17, 2015,** Burke filed a Motion in the Case to set aside the Judgment with an attached affidavit ("Motion to Set Aside"). [Courtnet Docket, incorporated herein as "**Exhibit 4**"]

8. The Motion to Set Aside explains the Judgment against Burke must be set aside and he must be relieved from the Judgment for one or more of the following reasons:

a. The Motion was filed and tendered to the Court without proper service on Burke, as required by CR 5.02;

b. The Motion was based on legal theories and requested damages not pled in the Third-Party Complaint, in violation of law;

c. The Motion sought recovery for Hardin and Parker contrary to Kentucky Civil Rule 8.01, because they lacked standing to sue due to not being in privity of contract with Burke;

d. The Motion sought to recover prejudgment interest based on consequential, unliquidated damages contrary to Kentucky law;

e. The Motion sought special damages that were not properly pled in violation of Kentucky Civil Rule 8.01 and Civil Rule 9.06;

f. The Motion sought consequential, unliquidated damages contrary to Kentucky's Statute of Frauds (KRS 371.010); and

g. The Motion sought attorneys' fees, although they were not provided for in the Contract for Deed.

9. Despite that Burke filed his Motion to Set Aside the Judgment in the Case, Primera, Hardin and Parker have not agreed to voluntarily set aside the Judgment.

10. On June 4, 2015, Primera, Hardin and Parker had garnishments issued to Scott Cugno and PNC Bank seeking satisfaction of the Judgment entered in the Case.

11. The garnishments that Primera, Hardin and Parker had issued were based on the Judgment that should be set-aside and they are invalid and should be quashed.

12. Despite that Burke filed his Motion to Quash the Garnishments in the Case, Primera, Hardin and Parker have not agreed to voluntarily withdraw the garnishments.

13. Plaintiff demands a trial by jury on all issues so triable.

## JURISDICTION AND VENUE

14. This Court has original subject-matter jurisdiction over Plaintiff's claim under 15 U.S.C. § 1692k(d), which grants subject-matter jurisdiction to the United States district courts over all actions to enforce liability created under the FDCPA.

15. This Court also has original jurisdiction over Plaintiff's FDCPA claims under 28 U.S.C. § 1331 because they arise under federal law.

16. This Court has personal jurisdiction over Defendant under Rule 4(k)(1)(A) of the Federal Rules of Civil Procedure, which grants United States district courts personal jurisdiction if a defendant, who is subject to the jurisdiction of the courts of general jurisdiction in the state where the district court is located, is served with a summons. Defendant is subject to the courts of general jurisdiction in the Western District of Kentucky.

17. Venue is proper in this judicial district under 28 U.S.C. § 1391(b) because Defendant resides in this judicial district (as "residency" is defined under 28 U.S.C. § 1391(d)) and continually conducts business in the Western District of Kentucky.

18. Venue is also proper in this Court under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claims occurred in the City of Louisville, Jefferson County, State of Kentucky, all within the Western District of Kentucky.

## PARTIES

19.     Plaintiff is a natural person currently residing in Jefferson County, Kentucky.

20.     The alleged debt Plaintiff owes arose out of consumer, family, and household transactions.

21.     Plaintiff is a "consumer" within the meaning of the FDCPA, as defined at 15 U.S.C. § 1692a(3) because he is a natural person allegedly obligated to pay the debt at issue in the Case.

22.     The Defendant, Lawrence & Lawrence, PLLC, is a Kentucky professional limited liability company, organized and existing under Kentucky law.

23.     The Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

24.     The Defendant's principal place of business is located in Jefferson County, Kentucky.

25.     The Defendant uses instrumentalities of interstate commerce or the mails in connection with the collection of debts.

26.     Defendant is engaged in the collection of the debt from Plaintiff using the mail and telephone.

27.     Defendant is a "debt collector" within the meaning of the FDCPA, as defined at 15 U.S.C. § 1692a(6).

## DEBT COLLECTION ACTIVITIES

28.     The claim for unpaid sums due under the Contract for Deed alleged against Plaintiff in the Case is a "debt" under 15 U.S.C. § 1692a(5) because the alleged unpaid sum at issue in the Case was for personal, family, or household purposes.

5

29.     Defendant's conduct in filing the Motion for Summary Judgment on December 2, 2014, was an attempt to collect a "debt" from Plaintiff within the meaning of the FDCPA. 15 U.S.C. § 1692a(5).

30.     Defendant's conduct in filing the garnishments and post-judgment discovery on June 4, 2015, was an attempt to collect a "debt" from Plaintiff within the meaning of the FDCPA. 15 U.S.C. § 1692a(5).

31.     <u>Plaintiff does not request relief from or invalidation of the state court judgment referenced herein and is not seeking an order from this Court quashing the garnishments and post-judgment discovery; Plaintiff seeks redress for litigation misconduct that went unnoticed by the state court due to Defendant's deception, described more fully herein.</u>

## ALLEGATIONS COMMON TO ALL CLAIMS

I.    <u>The Terms of the Contract For Deed</u>

A. **The Parties to the Contract for Deed**

32.     On October 30, 2008, Burke and Primera entered into a Contract for Deed.

33.     The Contract for Deed relates to the home that was Burke's primary residence, which he purchased for personal, family, or household purposes.

34.     Hardin and Parker are not referred to in the Contract for Deed and they were never parties to the agreement.

35.     The contract between The First Capital Bank of Kentucky ("First Capital Bank") and Hardin and Parker is not referred to in the Contract for Deed.

B. **The Terms of the Contract for Deed**

36.     The Contract for Deed provides in paragraph 1 that Burke agreed to purchase the real property located at 711 Cannons Ln, Louisville, KY 40207 ("Cannons Lane Property") from Primera for $370,000.

37.     The Contract for Deed provides in paragraph 1 that Burke paid $5,550.00 to Primera, leaving a balance of $364,450.00 owed for the purchase of the Cannons Lane Property.

38.     The parties agreed that the $364,450.00 balance owed on the purchase price for the Cannons Lane Property would be paid at $2,338.65 per month with the balance due on October 30, 2010, under Contract for Deed paragraph 2.

39.     Burke agreed to pay all taxes and insurance, under Contract for Deed paragraph 4.

40.     The Contract for Deed has no provision permitting Primera to recover attorneys' fees from Burke upon default.

41.     Primera cannot recover any amount from Burke under the Contract for Deed, other than the unpaid portion of the $364,450.00, plus the amount of taxes and insurance that Primera advanced on behalf of Burke.

### C.  Primera's Remedy For Default Under the Contract for Deed

42.     If Burke's monthly payment is 30 days past due, Primera may declare a default, under Contract for Deed paragraph 7.

43.     Upon default, Primera may declare the entire unpaid balance due and terminate the Contract for Deed, under Contract for Deed paragraph 7, which provides:

> That should the Party of the Second Part fail to make any of the payments hereunder as and when the same become due, and remain in such default for a period of thirty (30 days), time being of the essence, or be in default in any of the other terms and conditions herein contained, then the Party of the First Part, at their sole discretion and option, may, without notice declare the entire unpaid balance due on this Contract immediately cease and terminate . . .

44.     Primera has no remedy for default under the Contract for Deed, other than recovering the amount of the unpaid balance due under the Contract for Deed.

### D.  Primera's Method For Recovery Upon Default Under the Contract for Deed

45.     Primera's only method for collecting its debt against Burke is to proceed like a

creditor does in enforcing a mortgage lien. The Contract for Deed paragraph 7, states as follows:

> [T]he Party of the First Part shall be entitled to proceed to <u>enforce the collection of all sums due First Party hereunder, by judicial proceeding and sale of property,</u> including the right to proceed <u>as if enforcing the lien of mortgage.</u>

46.    The Contract for Deed provides that Primera can only recover the unpaid balance due under the Contract for Deed, ***reduced*** by the proceeds received from the foreclosure sale.

## II.    Burke Owes Primera No More Than $20,173.31 Under the Contract For Deed

### A. Burke Paid Primera $63,143.55 Reducing His Pre-Sale Balance to $301,306.45

47.    In December 2008, Burke owed Primera $364,450.00 after payment of the initial $5,550.00 required by the Contract for Deed (i.e., $370,000 less $5,550.00 = $364,450.00).

48.    Burke paid Primera $2,338.65 per month from December 2008 until February 2011, as required by the Contract for Deed. [Amended Third-Party Complaint, ¶ 7, 9/6/11]

49.    Burke paid Primera a total of at least $63,143.55 in monthly payments from December 2008 until February 2011. [Amended Third-Party Complaint, 9/6/11 ¶¶ 4-7]

50.    Burke is entitled to credit on his debt owed to Primera by the $63,143.55 in monthly payments made to Primera, in accordance with paragraph 7 of the Contract for Deed.

51.    In **February 2011,** Burke owed Primera $301,306.45 after crediting him with the payment of $63,143.55 in monthly payments required by the Contract for Deed (i.e., $364,450.00 less $63,143.55 = $301,306.45).

### B. Primera Received Credit for $281,133.14 From the Sale of the Cannons Lane Property Reducing Burke's Balance to $20,173.31

52.    The Contract for Deed provides in paragraph 7 that Burke's debt owed to Primera would be partially satisfied from the sale of the Cannons Lane Property at foreclosure.

53.    On **June 6, 2012,** the Cannons Lane Property was sold by the Master Commissioner for **$284,438.36**. [Order Confirming Sale and Paying Money into Court, 8/16/12]

8

54.     On **November 26, 2012**, the Court in the Case Ordered payment of **$281,133.14** for the benefit of Primera (paid on its debt owed to First Capital Bank), as proceeds from the sale of the Cannons Lane Property. [Order on Motion for Distribution of Proceeds, 11/26/12]

55.     Burke is entitled to credit on his debt owed to Primera by the $281,133.14 received from the foreclosure sale of the Cannons Lane Property and credited to Primera, in accordance with paragraph 7 of the Contract for Deed.

56.     In **November 2012**, Burke owed Primera **$20,173.31** after crediting him with the payment of $63,143.55 in monthly payments required by the Contract for Deed and the $281,133.14 in sale proceeds (i.e., $301,306.45 less $281,133.14 = $20,173.31).

## III.     The Third-Party Complaint Makes Allegations Based on the Contract for Deed

### A. The Original Third-Party Complaint

57.     On June 23, 2011, Primera, Hardin and Parker filed their original Third-Party Complaint against Burke based on his alleged breach of the Contract for Deed.

58.     Burke was never served with the original Third-Party Complaint.

### B. The Allegations of the Amended Third-Party Complaint (At Issue Here)

59.     On **September 6, 2011**, Primera, Hardin and Parker filed an Amended Third-Party Complaint (hereinafter "Third-Party Complaint") against Burke in the Case asserting:

> **Count I:** Breach of Contract based on the written Contract for Deed and foreclosure; and
>
> **Count II:** Fraud based on alleged false representations that Burke would be able to obtain financing for the property at the end of the contract term, when he could not do so.

60.     The Third-Party Complaint filed in the Case avers the following facts in support of the claim that Burke breached the Contract for Deed (emphasis supplied):

> **FACTS**
> That this action is filed by the Defendants/Third-Party Plaintiffs to enforce a Contract for Deed, dated October 30, 2008, and attached as Exhibit A.

\* \* \* \* \*

4.   That as of October 2008, Third-Party Defendant Edward Burke was to pay the purchase price of $370,000.00 on the Contract for Deed as follows:

$5,550.00 cash in hand, the receipt of which is hereby acknowledged; and

The balance of $370,000.00 shall be paid as follows:

To the first parties at the address specified above, the sum of $2,338.65 per month beginning the first day of December, 2008, that the outstanding balance shall be paid in monthly payments of $2,338.65 paid in full on or before the first day of each month. That outstanding balance during the term of this agreement shall accrue interest at a rate of 6.5% annum amortized over Thirty (30) years.

The principal balance of $364,450.00, plus all accrued interest shall be due and payable on or before October 30, 2010.

The Party of the Second Part shall pay the Parties of the First Part a late charge of $25.00 of any monthly installment not received within seven (7) days of the due date of any such installment.

\* \* \* \* \*

7.    That as of February 2011, Third-Party Defendant Burke had stopped making monthly payments to Third-Party Plaintiffs.

61.    The Third-Party Complaint in Count I avers that Burke owes damages arising from the face of the Contract for Deed, and in particular seeks the following (emphasis supplied):

11. That Third-Party Defendant Burke has breached his Contract for Deed and the full contract amount of **$370,000.00** plus interest, fees and costs are now due and payable.

12. That in accordance with the provisions of the Contract for Deed, Third-Party Plaintiffs be adjudged to have liens against the subject property, which liens shall include all interests, penalties, attorney's fees, commissions and charges, and other expenses incurred by reason of Burke's failure to close on the subject property, for the delinquencies in payment of the monthly installments, or in the process of collecting the same, and which liens have priority over any other obligation or liability to which the property may be subject.

\* \* \* \* \*

14. That Third-Party Plaintiffs have made demands that Third-Party Defendant Burke pay the amounts due under the Contract for Deed referenced in the paragraphs above, and Third-Party Defendant Burke has refused, and continues to ignore said demands.

62.    The prayer for relief in the Third-Party Complaint avers that Burke owes $364,450.00 based on paragraph 2 of the Contract for Deed, plus other damages arising from the contract, and in particular prays as follows (emphasis supplied):

Judgment on Count I against Third-Party Defendant, Edward Burke, in the amount of $364,450.00, plus past due taxes, insurance, penalties, costs, attorneys fees, and interest from 2/1/11 until judgment and thereafter with interest on the sum thereof, plus interest at the rate of 12% until paid[.]

63.     All damages claimed by Primera, Hardin and Parker in Count I of the Third-Party Complaint are liquidated damages based on the terms of the Contract for Deed.

64.     The Third-Party Complaint filed on September 6, 2011 was not further revised or amended and the Third-Party Complaint is the pleading at issue in this case.

IV.  **The Motion for Summary Judgment Gives the False Impression that it is Based on the Contract For Deed When it Actually Seeks Relief that Was Not Pled**

   A.  **The Motion for Summary Judgment Gives the False Impression that it is Based on the Contract for Deed as Pled in the Third-Party Complaint**

65.     On **December 2, 2014,** Primera, Hardin and Parker filed their Second Amended Motion for Summary Judgment.

66.     The Motion for Summary Judgment and Affidavit in support are misleading in that they make it appear that the Motion is based on the language contained in the four-corners of the Contract for Deed.  The Motion states at page 2 as follows (emphasis supplied):

> Primera, LLC and Burke entered into a Contract for Deed on October 30, 2008, for the 711 Cannons Lane property. (See attached Exhibit A)  Pursuant to that contract, as of December 2008, Edward Burke was to pay the balance of $370,000 on the Contract for Deed in $2,338.65 payments on or before the first of each month.  The outstanding balance was to accrue interest at a rate of 6.5% per annum amortized over thirty (30) years.  Burke was required to pay Primera, LLC a late charge of $25.00 of any monthly installment not received within seven clays of the due date of any such installment.  As of February 2011, Edward Burke stopped paying the monthly payments to Primera, LLC.  As of February 2011, Edward Burke had not paid any taxes including real, personal and intangible on the property.

67.     The Motion for Summary Judgment attaches the Affidavit of Jeff Hardin, which furthers the misleading statements in the Motion, and provides at p.1 (emphasis supplied):

> Primera, LLC and Edward Burke entered into a Contract for Deed on October 30, 2008, for the 711 Cannons Lane property.  (Exhibit A)
> Pursuant to that contract, as of December 2008, Edward Burke was to pay the balance of $370,000 on the Contract for Deed in $2,338.65 payments on or before the first of each month. The outstanding balance was to accrue interest at a rate of 6.5% per annum amortized over thirty (30) years.
> Edward Burke was required to pay Primera, LLC a late charge of $25.00 of any monthly installment not received within seven days of the due date of any such

installment.  <u>As of February 1, 2011, Edward Burke had stopped paying the monthly payments to Primera, LLC</u> and <u>had not paid any taxes</u> on the property.

68.     The Motion for Summary Judgment references the Contract for Deed and Count I of Third-Party Complaint as the basis for Burke's liability.

69.     The Motion for Summary Judgment never sought entry of Judgment on Count II of the Third-Party Complaint, which alleged "fraud".

**B.  The Motion for Summary Judgment Seeks Payment from Burke for the $151,488.50 Amount Primera, Hardin and Parker Owe First Capital Bank**

70.     The Motion for Summary Judgment *abandons* the claim that Burke owes Primera, Hardin and Parker the **$364,450.00** figure contained in the Contract for Deed, which was pled as their damages in the Third-Party Complaint.

71.     The Motion for Summary Judgment specifically states that judgment should be entered in favor of Primera, Hardin and Parker and against Burke for the amount of $395,441.06 they owe First Capital Bank under an Order entered on 2/9/12.  The Motion asserts pp. 2-3:

> <u>Due to Edward Burke's failure to pay pursuant to the contract, Primera, LLC defaulted on its mortgage payment to First Capital Bank of Kentucky</u>.   Defendants, Jeff Hardin and Paul Parker were guarantors on that obligation.   As a result of this default, <u>Primera, LLC, Jeff Hardin and Paul Parker were sued by the The First Capital Bank of Kentucky</u>, and by Judgment signed February 8 2012 and entered <u>on February 9, 2012 they were ordered to pay $395,441.06 in damages to First Capital Bank of Kentucky</u>. <u>Had Edward Burke not defaulted</u> on his payment for the subject property, 711 Cannons Lane, then <u>Primera, LLC would not have defaulted</u> on its mortgage payment. Had Edward Burke not defaulted on the Contract for Deed, Primera, LLC would have realized the full payment of the contract <u>while avoiding the costs of its own default.</u>

72.     The Motion for Summary Judgment seeks entry of judgment for **$151,488.50** representing the amount of the February 9, 2012 Judgment "deficiency" entered by First Capital Bank against Primera, Hardin and Parker.

73.     The Motion states at page 3 as follows (emphasis supplied):

> After the sale of the 711 Cannons Lane property and the application of the proceeds to the judgment, costs and fees <u>the deficiency judgment against Primera, LLC, Paul Parker and Jeff Hardin totaled **$151,488.50.**</u>

74.    The Affidavit filed with the Motion asserts at pp.1-2 (emphasis supplied):

> Due to Edward Burke's failure to pay pursuant to the contract, Primera, LLC defaulted on its mortgage payment to First Capital Bank of Kentucky.  Defendants, Jeff Hardin and Paul Parker were guarantors on that obligation.
>
> As a result of this default, Primera, LLC, Jeff Hardin and Paul Parker were ordered to pay $395,441.06 in damages to First Capital Bank of Kentucky by Order entered on February 9, 2012.  <u>After the sale of the property</u> securing this debt and the application of the proceeds to the judgment, costs and fees, <u>the deficiency judgment totaled $151,488.50.</u>

75.    The Contract for Deed does not include provisions requiring that Burke pay Primera, Hardin and Parker any amounts based on the "deficiency" that Primera, Hardin and Parker owed First Capital Bank under the February 9, 2012, Judgment.

76.    The Motion for Summary Judgment did not seek the relief allowed under the Contract for Deed and which were never alleged as the cause of action in the Third-Party Complaint.

77.    The Third-Party Complaint does not aver that Burke owes any amounts based on the "deficiency" that Primera, Hardin and Parker owed First Capital Bank under the February 9, 2012, Judgment.

### C. The Motion For Summary Judgment Seeks Payment of the $156,208.00 in Lost Profits, Interest, Lost Rents and Property Maintenance

78.    The Motion for Summary Judgment claims that Primera, Hardin and Parker are entitled to additional special damages in the amount of **$156,208.00,** supposedly arising from: (a) lost profits; (b) additional interest; (c) lost rents; and (d) property maintenance costs.  The Motion states at page 3 as follows:

> As set out in the attached affidavit (Exhibit B), the Defendant /Third-Party Plaintiffs suffered lost profits on the sale totaling $78,000.00; they made additional interest payments totaling $28,800.00; they suffered lost rents totaling $34,408.00; and they

incurred additional property maintenance costs of $15,000.00.   In all the consequential damages suffered by the Defendant/Third-Party Plaintiffs total $156,208.00.

79.     The Affidavit filed with the Motion asserts at page 2:

As the direct result of Defendant Burkes default on his payment for the subject property, 711 Cannons Lane, Defendants, Primera, LLC, Jeff Hardin and Paul Parker also suffered consequential damages as follows: lost profit on the sale $78,000; additional interest payments $28,800; lost rent $34,408; and additional property maintenance costs of $15,000. The total consequential damages are $156,208.00.

80.     The Third-Party Complaint does not aver that Burke owes Primera, Hardin and Parker special, unliquidated, damages arising from: (a) lost profits; (b) additional interest; (c) lost rents; or (d) property maintenance costs.

81.     The Contract for Deed does not include provisions requiring that Burke pay Primera, Hardin and Parker special, unliquidated, damages arising from: (a) lost profits; (b) additional interest; (c) lost rents; or (d) property maintenance costs.

**D.  Background Relating to Primera, Hardin and Parker Liability to First Capital Bank**

82.     On **June 28, 2007**, Primera purchased the Cannons Lane Property for **$240,000.00** [Deed to Primera, 6/28/07]

83.     On June 28, 2007, Primera and First Capital Bank engaged in the following:

   a.  **Primera** mortgaged the Cannons Lane Property to First Capital Bank for **$352,750.00,** which loan was **$112,750.00** more than Primera paid to purchase the property;

   b.  **Paul Parker** issued a guarantee to First Capital Bank for **$176,375.00** (i.e., one half of the $352,750.00 loan); and

   c.  **Jeff Hardin** issued a guarantee to First Capital Bank for **$176,375.00** (i.e., one half of the $352,750.00 loan).

[Original Complaint filed by First Capital Bank, Primera Mortgage, 7/38/07, attached to as Exhibit A; Guarantee executed by Paul Parker, attached to the original Complaint filed by First

Capital Bank, Exhibit B; Guarantee executed by Jeff Hardin, attached to the original Complaint filed by First Capital Bank, Exhibit C]

84. On **March 27, 2011,** First Capital Bank sued Primera on the unpaid June 28, 2008 promissory note and sued Hardin and Parker on their portions of the guaranteed Primera debt.

85. On **June 6, 2012,** the Cannons Lane Property was sold by the Master Commissioner for **$284,438.36.** [Order Confirming Sale and Paying Money into Court, 8/16/12]

**V.    The Motion for Summary Judgment Seeks Prejudgment "Contract" Interest on Damages Not Permitted Under the Contract for Deed**

86. The Motion for Summary Judgment seeks interest at 6.5% per annum based on the interest rate stated in the Contract for Deed.

87. The Motion seeks prejudgment interest at the contract rate from the date Burke discontinued paying -- February 1, 2011 -- through Judgment, stating (emphasis supplied):

> Primera, LLC, Jeff Hardin and Paul Parker are entitled to recover the entire amount of $307,696.50, plus 6.5% interest from the default date of February 1, 2011 until the entry of judgment herein, plus their court costs and fees, plus post-judgment interest at the rate of 12% on this total amount, from the date of judgment until paid.

**VI.   Burke Appeared in the Case and Was Entitled to Be Served With All Pleadings**

88. Kentucky Civil Rule 5.01 states, in part, as follows (emphasis supplied):

> Every order required by its terms to be served, every pleading subsequent to the original complaint . . .every written motion . . . and similar papers shall be **served** upon each party except those in default for failure to appear.  Parties so in default shall be given notice of pleadings asserting new or additional claims for relief against them by summons or warning order issued thereon as provided in Rule 4.

89. In **December 2011,** Burke moved from the Cannons Lane Property. [Affidavit of E. Burke, ¶ 25, 9/3/15, Motion to Set Aside]

90. On **January 3, 2012,** Burke appeared by his attorney, and Burke signed the Judgment and Order for Sale of the property. [Judgment and Order for Sale, 1/3/12]

91. By at least **November 26, 2012**, Primera, Hardin and Parker knew, or had reason

to know, that Burke was no longer residing at the Cannons Lane Property, because the property, which was previously owned by Primera, had been sold at the foreclosure sale and Primera, Hardin and Parker received credit for the amount they owed First Capital Bank.

92.     On December 4, 2014, -- nearly two years later --- Burke's attorney filed a motion to withdraw as attorney for Burke. [Motion to Withdraw, 12/4/14]

93.     On December 8, 2014, Burke became a pro se litigant, as the Court in the Case entered an Order allowing Burke's attorney to withdraw. [Order Granting Motion to Withdraw, 12/8/14]

94.     After December 9, 2014, CR 5.01 required that Burke be "served" with all pleadings as a party, by virtue of his appearance in the case on January 3, 2012.

95.     After December 9, 2014, Primera, Hardin and Parker continue serving Burke with pleadings at the Cannons Lane Property, although they knew, or had reason to know, Burke had not lived there for years.

96.     In **May 2015 --** less than two (2) months after the Judgment was entered against Burke -- counsel for Primera, Hardin and Parker located Burke at his place of employment. [Affidavit of Burke, par. 29]

## COUNT I
## <u>VIOLATIONS OF THE FDCPA</u>

97.     All of the allegations of fact set forth above are incorporated into this Count I as if fully set forth herein.

98.     In its efforts to collect money claimed to be due from Plaintiff as described in this Complaint, Defendant violated the provisions of the Fair Debt Collection Practices Act in numerous ways, including the following:

    a.  Misrepresenting the amount owed, in violation of §§ 1692e(2)(A), 1692e(10) and 1692f;

    b.  Misrepresenting the legal status of a debt, including making a claim that the debt was owed when it was not in fact owed, in violation of § 1692e(2)(a) and § 1692e(10);

    c.  Threatening to collect and attempting to collect any amount which is not expressly authorized by an agreement creating the debt or permitted by law, in violation of § 1692e(5) and § 1692f(1);

    d.  Making false, deceptive or misleading representations in connection with collection of a debt, in violation of § 1692e; and

    e.  Employing unfair or unconscionable means to collect or attempt to collect any debt, in violation of 15 U.S.C. § 1692f.

99.    Defendant did or may have committed other acts in violation of the FDCPA, and the Plaintiff reserves the right to add other violations to this list as additional information becomes available during the course of discovery in this action.

100.    Because Defendant has failed to comply with the FDCPA, under U.S.C. § 1692k, Plaintiff is authorized to bring this claim against Defendant.

101.    As a result of the actions of Defendant, Plaintiff was, and will be, forced to spend time and energy defending his interests in the Case; he incurred an expense for attorney's fees in connection with that Case and he has, and or will, suffer anger, shame, frustration, fear and humiliation.

102.    As a result of the actions of Defendant, Plaintiff's ability to earn a living has been, and/or will be, jeopardized in whole, and/or his ability to earn a living has been, and/or will be, diminished.

103.    As a result of the actions of Defendant, Plaintiff's ability to negotiate a reasonable resolution of the debt allegedly owed to Primera, Hardin and Parker has been diminished.

104.    Defendant's violation of the FDCPA caused actual damage to Plaintiff in an amount equal to the dollar amount of the judgment, attorneys' fees associated with moving to set aside the judgment, and other damages.

105.    As a result of these violations of the FDCPA, Defendant is liable to Plaintiff for Defendant's conduct which violated the FDCPA, actual damages, statutory damages, punitive damages, costs, and attorney fees.

### DEMAND FOR RELIEF

Wherefore, Plaintiff Edward Burke prays that a judgment be entered in his favor and against Defendant Lawrence & Lawrence, PLLC, and granting the following relief:

a. Awarding actual past and future damages;

b. Awarding statutory damages;

c. Awarding punitive damages;

d. Awarding reasonable attorney fees;

e. Awarding costs; and

f. Awarding all other relief that is just.

Jury-Trial Demand

Respectfully Submitted,

Peter Gannott
Gannott Law Group, PLLC
12910 Shelbyville Rd.
Suite 115
Louisville, KY 40243
(502)749-8800
pgannott@gannottlaw.com
*Attorney for Plaintiff*