UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:15-CV-00861-GNS-CHL

ED BURKE                                                                                              PLAINTIFF

v.

LAWRENCE & LAWRENCE, PLLC                                                        DEFENDANT

### MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff's Motion to Alter, Amend, or Vacate (DN 77). The motion is ripe for adjudication. For the reasons outlined below, the motion is **DENIED**.

### I.  STATEMENT OF FACTS AND CLAIMS

Plaintiff Edward Burke ("Burke") filed this action alleging that Defendant Lawrence & Lawrence, PLLC ("Defendant") violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692-1692p. (Compl. ¶ 1, DN 1). The alleged violation of the FDCPA arises from a prior action styled *First Capital Bank of Kentucky v. Primera, LLC*, filed in Jefferson Circuit Court, Kentucky, Civil Action No. 11-CI-401831. (Compl. ¶ 2). Burke was a third-party defendant in that action, and the state court entered an adverse judgment against him. (Compl. ¶ 2).

On March 22, 2018, the Court dismissed Burke's claim on the basis that Lawrence & Lawrence, PLLC did not qualify as a debt collector under the FDCPA. (Mem. Op. & Order 8-9, DN 75). In the present motion, Burke contends the Court erred in dismissing the claim. (Pl.'s Mem. Supp. Mot. Alter, Amend, or Vacate 15-27, DN 77-1).

1

## II. DISCUSSION

In his motion, Burke seeks relief under both Fed. R. Civ. P. 59 and 60. Under Fed. R. Civ. P. 59, "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). "Pursuant to Rule 59(e), there are three grounds for amending a judgment: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; and (3) to correct a clear error of law or to prevent manifest injustice." *Berridge v. Heiser*, 993 F. Supp. 1136, 1146-47 (S.D. Ohio 1997) (citing *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996)). A motion under this rule, however, "is not an opportunity for the losing party to simply offer old arguments a second time or 'to offer additional arguments in support of its position' that were not properly presented initially." *Saunders v. Ford Motor Co.*, No. 3:15-CV-00594-JHM, 2017 WL 489419, at *1 (W.D. Ky. Feb. 6, 2017) (quoting *Elec. Ins. Co. v. Freudenberg-Nok, Gen. P'ship*, 487 F. Supp. 2d 894, 902 (W.D. Ky. 2007)). "Such motions are extraordinary and sparingly granted." *Marshall v. Johnson*, No. 3:07-CV-171-H, 2007 WL 1175046, at *2 (W.D. Ky. Apr. 19, 2007) (citing *Plaskon Elec. Materials, Inc. v. Allied-Signal, Inc.*, 904 F. Supp. 644, 669 (N.D. Ohio 1995)).

In relevant part, Fed. R. Civ. P. 60 provides that "the court may relieve a party or its legal representative from a final judgment, order, or proceeding for . . . mistake, inadvertence, surprise, or excusable neglect; . . . [or] any other reason that justifies relief." Fed. R. Civ. P. 60(b)(1), (6). As the Sixth Circuit has explained, "a Rule 60(b)(1) motion is intended to provide relief in only two situations: (1) when a party has made an excusable mistake or an attorney has acted without authority, or (2) when the judge has made a substantive mistake of law or fact in the final judgment or order." *United States v. Reyes*, 307 F.3d 451, 455 (6th Cir. 2002) (citing *Cacevic v. City of Hazel Park*, 226 F.3d 483, 490 (6th Cir. 2000)). In addition, "Rule 60(b) does

not allow a defeated litigant a second chance to convince the court to rule in his or her favor by presenting new explanations, legal theories, or proof." *Tyler v. Anderson*, 749 F.3d 499, 509 (6th Cir. 2014) (citing *Jinks v. AlliedSignal, Inc.*, 250 F.3d 381, 385 (6th Cir. 2001)); *see also CGH Transport, Inc. v. Quebecor World, Inc.*, 261 F. App'x 817, 824 (6th Cir. 2008) ("[T]he standard for granting a Rule 60(b) motion is higher than the standard for a Rule 59(e) motion." (citing *Feathers v. Chevron U.S.A., Inc.*, 141 F.3d 264, 268 (6th Cir. 1998))).

A. **Status of Discovery Prior to Dispositive Motions**

Burke first contends that the Court prematurely ruled on the issue of whether Defendant is a debt collector under the FDCPA and that he did not waive the right to contest that issue. (Pl.'s Mem. Supp. Mot. Alter, Amend, Vacate, or Grant Relief 14-20). Plaintiff, however, failed to address this issue in responding to Defendant's motion, which raised that issue. (Mem. Op. & Order 6-9, DN 75).

The question of whether Defendant constituted a debt collector was ever-present in the litigation. Defendant's status as a debt collector was specifically alleged in the Complaint, and Defendant denied that allegation. (Compl. ¶ 27; Answer ¶ 2, DN 4). During the course of discovery, this issue was clearly discussed between the parties and the Court. Judge Lindsay gave Burke the opportunity to conduct additional discovery on this issue, and Defendant submitted initial disclosures. (Report & Order Telephonic Status Conference 1-2, DN 53; Def.'s Am. Rule 26(a)(1) Initial Disclosures 3-4, DN 56).

As the Court noted in its Memorandum Opinion and Order, Burke failed to address whether Defendant was a debt collector, which was raised in Defendant's motion, or attack Lawrence's Affidavit, which Burke now belatedly seeks to do. (Mem. Opinion & Order 6 n. 3, DN 75). It is improper, therefore, for Burke to rely on this argument and raise it for the first time

in seeking relief from the Court's judgment.  *See Elec. Ins. Co.*, 487 F. Supp. 2d at 902 (citing *Sault Ste. Marie Trip of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998)); *Tyler*, 749 F.3d at 509 (citing *Jinks*, 250 F.3d at 385).

In support of his argument that this issue was not waived, Burke relies on the Sixth Circuit's decision in *United States v. McDaniel*, 398 F.3d 540 (6th Cir. 2005). (Pl.'s Mem. Supp. Mot. Alter, Amend, Vacate, or Grant Relief 18-20). *McDaniel*, however, is a criminal case and discusses whether the defendants had waived a claim that their Sixth Amendment rights had been violated. *See id.* at 546. Burke's citation and reliance on *McDaniel* flies in the face of Sixth Circuit precedent holding that a party's failure to address an issue in opposition to a dispositive motion constitutes a waiver. *See Lewis-Smith v. W. Ky. Univ.*, 85 F. Supp. 3d 885, 915 (W.D. Ky. 2015) ("When a party fails to respond to a motion or argument therein, the Sixth Circuit has held that the lack of response is grounds for the district court to assume opposition to the motion is waived and grant the motion." (citing *Humphrey v. U.S. Att'y Gen.'s Office*, 279 F. App'x 328, 331 (6th Cir. 2008))). Thus, Burke has failed to show that he is entitled to relief on this basis.

### B. <u>Additional Discovery</u>

Burke also argues that he should have been permitted to conduct additional discovery regarding whether Defendant qualified as a debt collector under the FDCPA. (Pl.'s Mem. Supp. Mot. Alter, Amend, Vacate, or Grant Relief 20-22). His argument, however, ignores his failure to raise the potential need for additional discovery in opposing Defendant's motion.

In relevant part, Rule 56 provides:

> If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
> (1)   defer considering the motion or deny it;
> (2)   allow time to obtain affidavits or declarations or to take discovery; or

(3) issue any other appropriate order.

Fed. R. Civ. P. 56(d). The provision requires a "non-movant [to] submit[] affidavits stating that "the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition." *Plott v. Gen. Motors Corp., Packard Elec. Div.*, 71 F.3d 1190, 1196 (6th Cir. 1995).

Burke did not raise this issue in opposing Defendant's motion. His failure to comply with the requirements of Fed. R. Civ. P. 56(d) by raising the need for discovery through an affidavit effectively waives this argument. *See Klepper v. First Am. Bank*, 916 F. 2d 337, 343 (6th Cir. 1990) ("Klepper had the burden of showing, by affidavit, why he was not able to oppose the motion for summary judgment. Klepper failed to meet his burden by not presenting any affidavit . . . ." (internal citation omitted)); *Emmons v. McLaughlin*, 875 F.2d 351, 357 (6th Cir. 1989) ("Appellant bore the burden, therefore, to demonstrate to the district court 'for reasons stated' why he could not oppose the summary judgment motion by affidavit and how postponement of a ruling on the motion would enable him to rebut Appellees' showing of the absence of a genuine issue of fact."). Accordingly, the Court will deny the motion on this basis.

C. **Affidavit**

Finally, Burke contends that the Court improperly relied on the Affidavit of Michael F. Lawrence (DN 44-19) because the affidavit: (i) did not comply with Fed. R. Civ. P. 56 because it contains hearsay and conclusory statements, and is not based on business record; and (ii) includes statements that conflict with the affiant's deposition testimony. (Pl.'s Mem. Supp. Mot. Alter, Amend, Vacate, or Grant Relief 22-27). In opposing Defendant's motion, however, Burke raised none of these arguments, and it is therefore inappropriate for Burke to raise these issues to challenge the Court's judgment. *See Lewis-Smith*, 85 F. Supp. at 915.

### III. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Plaintiff's Motion to Alter, Amend, or Vacate (DN 77) is **DENIED**. The Clerk shall strike this matter from the active docket.

Greg N. Stivers, Chief Judge
United States District Court

December 7, 2018

cc: counsel of record